FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

09 JUL 27 AM II: 58

STEP??? ? ?????, CLERK
U.S. ?????? ????
FOR THE ???? ?? ????????
OF ?????

YVONNE MAGEE and JOHNELLA FINERAN,
  Plaintiffs,

v.

HOUSING AUTHORITY OF SOUTH BEND (HASB);
MARVA J. LEONARD-DENT,
Executive Director of HASB;
BOARD OF COMMISSIONERS OF HASB;
SUSIE HARVEY-TATE,
EARL L. HAIRSTON,
RAFAEL MORTON,
ROBERT B. TOOTHAKER,
GLADYS MUHAMMAD;
Commissioners of HASB;
STEPHEN J. LUECKE,
Mayor of the City of South Bend, IN;
SHAUN DONOVAN,
Secretary of the United States
Dept. of Housing and Urban Development;

Case No.

3 : 09CV 337

## VERIFIED COMPLAINTWITH JURY DEMAND

### Nature of the Case

1.   This is a civil action seeking vindication of rights guaranteed to Plaintiffs, as

residents of a federally funded public housing project, by the Fair Housing Act, as amended, 42

U.S.C. sec. 3601 et seq.; the Civil Rights Act of 1964, 42 U.S.C. sec. 601 et seq.; the Americans

with Disabilities Act, 42 U.S.C. secs. 12131 et seq. and 12181 et seq.; the Rehabilitation Act of

1973, as amended, 29 U.S.C. sec. 794; the United States Housing Act, as amended, 42 U.S.C.

sec. 1437 et seq.; and the Fourteenth Amendment to the Constitution of the United States,

Plaintiffs invoke the supplemental jurisdiction of the Court to plead claims under Indiana law.

<u>Jurisdiction and Venue</u>

2.  (a)  This Court has subject matter jurisdiction under 28 U.S.C. sec.1331 in that Plaintiffs present claims arising under federal law and invoke supplementary jurisdiction of claims under Indiana law pursuant to 28 U.S.C. sec. 1367.

(b)  Venue is proper in the South Bend Division of this Court in that the events alleged took place primarily in St. Joseph County, IN.

<u>Parties</u>

3.  (a)  Plaintiff Yvonne Magee (Ms. Magee) is an adult, African-American female tenant in the property owned by the Housing Authority of South Bend (HASB), located at 628 Western Avenue, South Bend, IN 46601.  Ms. Magee is an individual with a disability or handicap in that she has significant limitations to major life activities, has a record of such limitations, and is perceived by Defendant HASB to have such limitations.

(b)  Plaintiff Johnella Fineran (Ms. Fineran) is an adult, African-American woman and is the mother of Ms. Magee.  Ms. Fineran is an individual with a disability or handicap in that she has significant limitations to major life activities, has a record of such limitations, and is perceived by Defendant HASB to have such limitations.

4.  Defendant HASB is a municipal corporate body, or part of the civil city of South Bend municipal corporate body, which owns and manages public housing projects funded by the United States Department of Housing and Urban Development (HUD), a federal executive department and agency.

5.  Defendant Marva J. Leonard-Dent is Executive Director of HASB and has responsibility for the management, direction, and oversight of HASB activities, services, and properties.

6.  Defendant Board of Commissioners of HASB is, on information and belief, the corporate board exercising control over HASB and appoints and supervises the HASB Executive Director.

7.  Defendants Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad are members of the HASB Board of Commissioners described in the preceding paragraph.

8.  Defendant Stephen J. Luecke is Mayor of the City of South Bend and, on information and belief, is responsible for appointing or nominating for appointment all or some members of the HASB Board of Commissioners.

9.  Defendant Shaun Donovan is Secretary of HUD and has responsibility for ensuring that administration of federally funded aspects of HASB activities are in compliance with federal law, together with HUD rules and directives.

10.  HASB and the HASB Board of Commissioners are "persons" within the meaning of 42 U.S.C. 1983.

11.  All Defendants are sued for acts under color of law.

Facts

12.  The condition of the apartment occupied by Ms. Magee fails, and has failed, to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements.

13.  The condition of the building occupied by Ms. Magee fails, and has failed, to meet standards of habitability and peaceable enjoyment established by state and municipal law and incorporated into HUD requirements or established separately by HUD requirements.

14. HASB staff members have failed to remedy problems of which Ms. Magee have complained.

15. HASB staff members have directly or indirectly retaliated against Ms. Magee by failing to take remedial action, because Ms. Magee complained about conditions in her apartment and building and about HASB services, and by the manner in which HASB staff members treated Ms. Magee.

16. Mr. Magee had made repeated complaints about conditions and services at the HASB property.

17. HASB staff members have retaliated against Ms. Magee and against Ms. Fineran because of her association with Ms. Magee. This retaliation has taken the form of refusal to provide services to Ms. Fineran in connection with an application for Section 8 vouchers jointly by Ms. Magee and Ms. Fineran. Ms. Magee has suffered retaliation in the action of Defendants on the application for Section 8 vouchers. There is a dispute between Plaintiffs and Defendants on the question of Plaintiffs' eligibility for vouchers as evidenced by conflicting statements made by HASB staff members to Plaintiffs concerning their right to receive vouchers.

18. The HASB building in which Ms. Magee resides, and the HASB complex in which the building is located, are both populated overwhelmingly by residents who are African-American and not Caucasian.

19. The neighborhood in which the HASB building and complex described in paragraph 22 is located in is populated overwhelmingly by residents who are African-American or Latino and not Caucasian.

4

20. The concentration of non-Caucasian residents described in the preceding two paragraphs is far out of proportion to the corresponding population demographics for the City of South Bend or the County of St. Joseph, IN.

21. The concentration described in the preceding three paragraphs occurred and remained because of the actions and acquiescence of Defendants or their predecessors in office. The concentration is the result of intentional actions or deliberate indifference of Defendants or their predecessors in office.

<u>Proximate Cause and Irreparable Injury</u>

22. As a direct and proximate result of the acts alleged, Plaintiffs have suffered, continue to suffer, and will suffer injuries for which they are entitled to compensation under the Claims set forth below.

23. As a further direct and proximate result of the acts alleged, Plaintiffs have also suffered, continue to suffer, and will suffer injuries for which there is no adequate remedy at law and for which they are entitled to equitable relief under the Claims set forth below.

<u>Causes of Action</u>

24. For a First Claim, the Defendants have violated the Fair Housing Act, as amended, 42 U.S.C. sec. 3601 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of (a) race and (b) handicap. Plaintiffs are African-American and are otherwise qualified individuals with a handicap as defined by the Act. Ms. Fineran is African-American and suffered discrimination because of her association with Ms. Magee, who is an otherwise qualified individual with a handicap.

25. For a Second Claim, the Defendants have violated Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. sec. 794, with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Plaintiffs are otherwise qualified individuals with a disability as defined by the Act. Ms. Fineran suffered discrimination because of her association with Ms. Magee, who is an otherwise qualified individual with a disability. Defendant HASB is a recipient of federal funds within the meaning of Section 504.

26. For a Third Claim, the Defendants have violated Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. sec. 12131 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Plaintiffs are otherwise qualified individuals with a disability as defined by the Act. Ms. Fineran suffered discrimination because of her association with Mr. Magee, who is an otherwise qualified individual with a disability. Defendant HASB is a "public service" under Title II of the Act.

27. For a Fourth Claim, the Defendants have violated Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. sec. 12181 et seq., with implementing rules, in that they have discriminated against Plaintiffs on the basis of disability. Plaintiffs are otherwise qualified individuals with a disability as defined by the Act. Ms. Fineran suffered discrimination because of her association with Ms. Magee, who is an otherwise qualified individual with a disability. Defendant HASB is a "public accommodation" under Title III the Act.

28. For a Fifth Claim, the Defendants have violated 42 U.S.C. sec. 1981 in that the Defendants have, individually and together, denied them equal rights under law as provided in that statute. Defendants have acted against Plaintiffs in regard to the Plaintiffs' right to own and possess housing because of the Plaintiffs' race and color; Defendants were and are aware of the

Plaintiffs' race and color; Plaintiffs are ready to deal with Defendants pertaining to their right to own and possess their housing, and Defendants refused to deal with the Plaintiffs.

29. For a Sixth Claim, the Plaintiffs re-assert the allegations of paragraph 27 and assert that Defendants violated 42 U.S.C. sec. 1982.

30. For a Seventh Claim, Defendants violated Plaintiffs' right to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States as applied to Defendants by 42 U.S.C. sec. 1983, a statute guaranteeing rights to Plaintiffs. These violations under sec. 1983 arise, in part, because Defendants, acting under color of law, have violated the legal provisions in the preceding and following claims.

31. For an Eighth Claim, Defendants have violated the United States Housing Act, as amended, 42 U.S.C. sec. 1437 et seq., and implementing rules, in that, while accepting HUD funds, Defendants have failed to provide housing and services required by the Act to Plaintiffs as required by the Act.

32. For a Ninth Claim, asserted under Indiana law, the Defendants have failed to provide Plaintiffs with due course of law as guaranteed to Plaintiffs by the Constitution of the State of Indiana, Article I, sec. 23.

33. For a Tenth Claim, asserted under Indiana law, the lease that Defendants contracted with Plaintiffs is unconscionable and illegal and, additionally and alternatively, has been, is being, and will be administered by Plaintiffs in an unconscionable and illegal manner.

34. For an Eleventh Claim, under Indiana and municipal law, the Defendants failed to provide Plaintiffs with habitable premises to which Plaintiffs were entitled.

35. For a Twelfth Claim, under Indiana and federal law, the Defendants have breached contracts of which the Plaintiffs are intended third-party beneficiaries.

36. For a Thirteenth Claim, Defendants have violated the rights of Plaintiffs to be free of discrimination on the basis of race or color by recipients of federal financial assistance, as guaranteed by Title VI of the Civil Rights Act , 42 U.S.C. 2000d, and implementing rules.

37. For a Fourteenth Claim against Defendant Mayor Stephen J. Luecke, he has failed to appoint members to the HASB Board of Commissioners in a manner consistent with his duty to appoint board members who act in compliance with law.

38. For a Fifteenth Claim, Defendant Secretary of HUD Shaun Donovan, and his predecessors in office, has failed to exercise oversight over the remaining Defendants so that HASB facilities, programs and services are administered in compliance with law.

### Elements of Damages

39. As a direct and proximate result of the acts upon which the foregoing claims are based, the Plaintiffs have suffered and are threatened with economic loss; loss of quiet enjoyment of their property; apprehension; fear; worry; humiliation; and physical and mental impact as a consequence of the actions of all Defendants.  Each element of damages occurred in each Cause of Action, and on each element of damages for each Cause of Action, Plaintiffs seek compensation in the amount of $10,000 compensatory and $10,000 exemplary damages for wanton and outrageous conduct.

40. The Plaintiffs are further threatened by direct, immediate, and imminent harm to their asserted rights for which there is no adequate remedy and for which equitable relief is required.       .

<u>Relief and Jury Demand</u>

Plaintiffs pray that the Court:

A. Impose a receivership upon Defendants HASB, the Defendant Board of Commissioners and Defendant members of the Board, and Defendant Leonard-Dent to operate HASB and to rectify the violation of laws established, with the appointment of a Master to be paid by HASB and HUD; remove the members of the current Board of Commissioners; and remove the current Executive Director.

B. Enter a declaratory judgment as requested.

C. Issue Preliminary and Permanent Injunctions to implement the Declaratory Judgment.

D. On any non-equitable issue grant trial by Jury.

E. Award damages as shown to be appropriate.

F. Grant such other relief as may be appropriate.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiffs

Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN  46601
(574) 234-8121

9

## VERIFICATION

I affirm, under the penalties of perjury, that the foregoing representations are true.

Dated this 2 day of ___July___, 2009

X Yvonne Magee

# VERIFICATION

I affirm, under the penalties of perjury, that the foregoing representations are true.

Dated this 24 day of Jul, 2009

X Johnell Finnclan