UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| YVONNE MAGEE and JOHNELLA FINERAN, </br></br>    Plaintiffs, </br></br>v. </br></br>HOUSING AUTHORITY OF SOUTH BEND, *et al.*, </br></br>    Defendants. | CAUSE NO.: 3:09-CV-337-TS |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss Plaintiff Magee's Claims Pursuant to Rule 25 [DE 47], filed by Defendants Housing Authority of South Bend (HASB), Marva Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad (HASB Defendants) on February 17, 2010; and a Motion to Dismiss Plaintiff Magee's Claims Pursuant to Rule 25(a)(1) [DE 49], filed by Defendant Shaun Donovan, the Secretary of Housing and Urban Development (HUD Secretary), on February 17, 2010. These Motions are fully briefed and ripe for ruling.

**PROCEDURAL BACKGROUND**

On July 27, 2009, the Plaintiffs, Yvonne Magee and Johnella Fineran, filed their Verified Complaint with Jury Demand [DE 1]. The Complaint asserts that Ms. Magee is a tenant in property owned by the HASB at a certain address in South Bend, Indiana, and that Ms. Fineran is Ms. Magee's mother. The Complaint describes both Plaintiffs as adult, African-American females with disabilities or handicaps in that they have significant limitations to major life activities, have records of such limitations, and are perceived by the HASB to have such limitations. The fifteen-

count Complaint alleges that the Defendants discriminated against the Plaintiffs on account of their race and disabilities. The Defendants include: (1) the HASB; (2) Marva J. Leonard-Dent, the Executive Director of the HASB; (3) the Board of Commissioners of the HASB; (4) the Commissioners of the HASB (Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad); (5) Stephen J. Luecke, the Mayor of the City of South Bend, Indiana; and (6) Shaun Donovan, the Secretary of HUD. The Complaint premises this Court's subject-matter jurisdiction on federal question jurisdiction pursuant to 28 U.S.C. § 1331 as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Complaint seeks compensatory and exemplary damages as well as equitable relief.

On November 10, a Statement of Death [DE 36] was filed in this case. It indicated that Ms. Magee died on August 13, 2009. Pursuant to Rule 25(a)(1), the Court placed the Statement of Death on the Record [DE 37] to give notice to the estate of Yvonne Annette Magee, her attorneys, survivors, heirs, administrators, and/or executors, if any, to take any necessary or appropriate action to file a motion for substitution of party into this cause on or before February 12, 2010. The Court granted the Defendants leave to file a motion to dismiss in the event no motion for substitution of party was made on behalf of the Plaintiff on or before the deadline.

On February 17, the HASB Defendants and Defendant HUD Secretary each filed a Motion to Dismiss Plaintiff Magee's Claims Pursuant to Rule 25 [DE 47 & 49]. Defendant HUD Secretary also filed a Memorandum in Support [DE 50]. On February 17, Defendant Luecke filed a Joinder in Motion to Dismiss Claims Under Rule 25 [DE 48]. On February 18, the Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Dismiss [DE 51]. On February 22, Defendant HUD Secretary filed a Reply [DE 52]. On February 26, the HASB Defendants filed a

Reply [DE 53].

## DISCUSSION

According to Federal Rule of Civil Procedure 25(a), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." The rule permits any party or the decedent's successor or representative to make a motion for substitution. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The Seventh Circuit has stated that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them." *Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th Cir. 2008). Furthermore, "[t]he decedent's lawyer may not file such a motion in his own name because he no longer has a client, but for obvious practical reasons he is permitted to file a motion for an extension of time if there is no executor because the decedent died without a will and an administrator of the estate has not yet been named." *Id.* "When a motion for an extension of time in a federal civil case is filed after the expiration of a deadline, the judge must determine whether the failure to meet the deadline was 'because of excusable neglect." *Id.* (quoting Fed. R. Civ. P. 6(b)(2), now Fed. R. Civ. P. 6(b)(1)(B)).

As noted above, on November 10, 2009, Defendant HUD Secretary filed a Statement of Death indicating that Ms. Magee died on August 13, 2009. On November 12, the Court entered a Statement of Death on the Record giving notice to the estate of Yvonne Annette Magee, her attorneys, survivors, heirs, administrators, and/or executors, if any, to file a motion for party substitution on or before February 12, 2010.

3

As of the date of this Opinion and Order, no motion for substitution or motion for an extension of time has been filed. In his Memorandum in Opposition, counsel for the Plaintiffs has asked the Court to "simply allow [Ms. Fineran] to change her status from that of an individual plaintiff to that of a plaintiff on behalf of herself and her late daughter" (Pls.' Mem. in Opp'n 25, DE 51), and to "allow a re-designation of Plaintiff Johnella Fineran as an individual plaintiff suing on behalf of both herself and as their [sic] heir to Plaintiff Yvonne Magee" (*id.* at 3). This request does not constitute a motion for substitution or a motion for an extension of time, and the local rules require motions be made separately. *See* Local Rule 7.1(b) (stating that "[e]ach motion shall be separate"). Moreover, counsel for the Plaintiffs has failed to provide authority in support of his request and authority showing Ms. Fineran's right to act on Ms. Magee's behalf and to represent any of her surviving interests. Consequently, pursuant to Rule 25(a)(1), the Court will dismiss the claims of Plaintiff Magee.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the HASB Defendants' Motion to Dismiss Plaintiff Magee's Claims Pursuant to Rule 25 [DE 47], in which Defendant Luecke joined, and Defendant HUD Secretary's Motion to Dismiss Plaintiff Magee's Claims Pursuant to Rule 25(a)(1) [DE 49]. Plaintiff Magee's claims are DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 25(a)(1).

SO ORDERED on July 21, 2010.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT