UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| YVONNE MAGEE and | ) |
| JOHNELLA FINERAN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:09-CV-337-TLS |
| | ) |
| HOUSING AUTHORITY OF | ) |
| SOUTH BEND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [DE 11], filed by Defendant Stephen J. Luecke, the Mayor of South Bend, on August 26, 2009; a Motion to Dismiss [DE 15], filed by Defendants Housing Authority of South Bend (HASB), Marva Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad (HASB Defendants) on October 2, 2009; a Request for Judicial Notice [DE 32], filed by the HASB Defendants on October 23, 2009; and a Motion to Dismiss [DE 38], filed by Defendant Shaun Donovan, the Secretary of Housing and Urban Development (HUD Secretary) on December 14, 2009. These Motions are fully briefed and ripe for ruling.

**PROCEDURAL BACKGROUND**

On July 27, 2009, the Plaintiffs, Yvonne Magee and Johnella Fineran, filed their Verified Complaint with Jury Demand [DE 1]. The Complaint asserts that Plaintiff Magee is a tenant in property owned by the HASB at a certain address in South Bend, Indiana, and that Plaintiff Fineran is Plaintiff Magee's mother. The Complaint describes both Plaintiffs as adult, African-American females with disabilities or handicaps in that they have significant limitations to major

life activities, have records of such limitations, and are perceived by the HASB to have such limitations. The fifteen-count Complaint alleges that the Defendants discriminated against the Plaintiffs on account of their race and disabilities. The Defendants include: (1) the HASB; (2) Marva J. Leonard-Dent, the Executive Director of the HASB; (3) the Board of Commissioners of the HASB; (4) each of the Commissioners of the HASB (Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad); (5) Stephen J. Luecke, the Mayor of the City of South Bend, Indiana; and (6) Shaun Donovan, the Secretary of HUD.[1] The Complaint premises this Court's subject-matter jurisdiction on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Complaint seeks compensatory and exemplary damages as well as equitable relief.

On August 26, Defendant Stephen J. Luecke filed a Motion to Dismiss [DE 11] and a Memorandum in Support [DE 12] pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 9, the Plaintiffs filed a Memorandum in Opposition [DE 13].[2] On September 15, Defendant Luecke filed a Reply [DE 14]. On November 5, Defendant Luecke filed Supplemental Authority in Support of his Motion to Dismiss [DE 35].

On October 2, the HASB Defendants filed their Motion to Dismiss [DE 15] and a Brief in Support [DE 16]. On October 13, the Plaintiffs responded with a Memorandum of Law in Opposition [DE 27]. On October 23, the HASB Defendants filed a Reply Brief [DE 31] and a

---

[1] The Complaint names HUD Secretary Donovan as a Defendant and alleges that he "act[ed] under color of law." (Compl. ¶ 11, DE 1.) The Court understands the Plaintiffs to have sued Defendant HUD Secretary in his official capacity, and thus the claims against the HUD Secretary are essentially claims against the United States Department of Housing and Urban Development.

[2] The record in this matter shows that Plaintiff Magee died on August 13, 2009, and thus counsel for the Plaintiffs filed this Memorandum in Opposition and two additional response briefs on behalf of Plaintiff Magee without advising the Court of his client's passing.

2

Request for Judicial Notice [DE 32]. On July 12, 2010, the HASB Defendants filed a Notice of Supplemental Authority [DE 54].

On December 14, 2009, Defendant HUD Secretary filed a Motion to Dismiss [DE 38] and a Memorandum in Support of Motion to Dismiss [DE 39] pursuant to Rules 12(b)(1) and 12(b)(6). On January 15, 2010, the Plaintiffs filed a Memorandum of Law in Opposition [DE 42]. On February 4, Donovan filed a Reply [DE 45] as well as a Request for Correction to HUD's Reply [DE 46].

On July 21, the Court dismissed with prejudice the claims asserted by Plaintiff Magee pursuant to Federal Rule of Civil Procedure 25(a)(1) after no motion for substitution was made following Plaintiff Magee's death.

**RULE 12(b)(6) STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his

allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* at 1083 (quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Seventh Circuit has provided the following summary of the lessons to be learned from a recent series of the Supreme Court opinions on notice pleading and the Rule 12(b)(6) standard:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In ruling on Rule 12(b)(6) motions to dismiss, courts generally must confine their inquiry to the factual allegations set forth within the operative complaints. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When parties seeking dismissal under Rule 12(b)(6) submit documents with their motions to dismiss, courts can either ignore the documents or convert the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Venture Ass'n Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

**DISCUSSION**

Plaintiff Magee's claims have been dismissed, and she is no longer a party to this

litigation. The remaining claims asserted by Plaintiff Fineran must be reassessed in this light. A careful review of the Complaint shows that the factual allegations relate primarily to Plaintiff Magee and are stated in general terms. Additionally, the allegations and the claims focus on alleged wrongful conduct by the HASB, and the individual counts are conclusory and do little more than place labels on the claims asserted. The factual allegations in the Complaint are sketchy, especially as several Defendants are concerned. Additionally, Plaintiff Magee's dismissal underscores a problem with the Complaint and the current status of this litigation—Plaintiff Fineran is the only remaining Plaintiff but few factual allegations seemingly relate to her. Consequently, the Complaint is unclear and fails to provide the Defendants sufficient notice of Plaintiff Fineran's claims and the grounds of her entitlement to relief. For these reasons and the reasons that follow, the Court will grant the pending Motions to Dismiss.

However, with the exception of the claims asserted against the Board of Commissioners of the HASB, the dismissals will be without prejudice, and Plaintiff Fineran will be granted leave to file a motion to amend her Complaint and a proposed amended pleading to clarify her cause of action. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least on opportunity to amend her complaint."); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks

and citation omitted). The Defendants will then have an opportunity to respond to any motion by the Plaintiff seeking leave to amend her pleading.

**A.      Judicial Notice**

The HASB Defendants ask the Court to take judicial notice of certain documents and facts for purposes of ruling on their statute of limitations argument. Because the Court will grant their Motion to Dismiss without reaching the statute of limitations issue, it is unnecessary at this time for the Court to address their Request for Judicial Notice. Consequently, the Court will deny this Request without prejudice and exclude matters outside the pleadings. The Defendants may renew this motion in the event it becomes relevant.

**B.      Claims Against the HASB Board of Commissioners**

Plaintiff Fineran named the Board of Commissioners of the HASB as a Defendant. The HASB Defendants argue that the Board of Commissioners should be dismissed because it is not a separate entity that may sue or be sued. Plaintiff Fineran has not responded to or opposed this argument.

"Capacity to sue or be sued is determined" "(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located . . . ." Fed. R. Civ. P. 17(b); *see also Bd. of Educ. of Peoria, Sch. Dist. No. 150 v. Ill. State Bd. of Educ.*, 810 F.2d 707, 710 (7th Cir. 1987) (explaining that Rule 17(b) "basically provides that the matter of capacity be determined under state law.") Indiana law provides for the

creation of housing authorities and permits housing authorities to "sue or be sued," but it does not appear to make provision for suit against boards of commissioners of housing authorities. Ind. Code § 36-7-18-15. Plaintiff Fineran has provided no authority showing that the Board of Commissioners of the HASB is an entity that can be sued. Consequently, the claims against the Board of Commissioners of the HASB will be dismissed.

## C. Claims Against the Executive Director and Commissioners of the HASB

Plaintiff Fineran named the HASB, its executive director (Marva J. Leonard-Dent) and the members of its Board of Commissioners (Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad) as Defendants in this action. The Complaint states that these Defendants are being sued "for acts under color of law." (Compl. ¶ 11.) These individuals have moved to dismiss the claims against them pursuant to Rule 12(b)(6), and Plaintiff Fineran has not responded to or opposed this argument.

Neither the Complaint nor Plaintiff Fineran specifies whether these individual Defendants have been sued in their individual or official capacities (or both). "A complaint that does not make clear that it is brought in an individual capacity will be construed as having been brought only in an official capacity." *Guzman v. Sheahan*, 495 F.3d 852, 860 (7th Cir. 2007) (citing *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) ("In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only."). Consequently, the Court understands Plaintiff Fineran to sue Defendants Marva J. Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert

7

B. Toothaker, and Gladys Muhammad in their official capacities.

Official capacity claims are actually claims against the governmental entity for which the individuals work. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Local government units can be sued directly for damages and injunctive or declaratory relief, and consequently there is no need to sue local officials in their official capacity in addition to the local government units. *Id*. at 167 n.14. Because the HASB is a Defendant in this action and the claims asserted against the HASB are identical to those asserted against these Defendants, it is redundant for the HASB officers—Marva Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad—to be sued as separate Defendants. *See Schmidling v. City of Chi.*, 1 F.3d 494, 495 n.1 (7th Cir. 1993) (approving of a district court's dismissal of claims against a mayor in his official capacity because the same claim was filed against the city). Accordingly, all claims alleged against Defendants Marva J. Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad will be dismissed.

### D. Claims Against Defendant HUD Secretary

Plaintiff Fineran has named the HUD Secretary as a Defendant. She alleges that the HUD Secretary is responsible "for ensuring that administration of federally funded aspects of HASB activities are in compliance with federal law, together with HUD rules and directives" (Compl. ¶ 9, DE 1), and that he "has failed to exercise oversight over the remaining Defendants so that HASB facilities, programs and services are administered in compliance with law" (Compl. ¶ 38, DE 1). Arguing that sovereign immunity bars the Plaintiff's claims against him, Defendant HUD

Secretary has moved to dismiss the claims asserted against him for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The Complaint does not identify any waiver of sovereign immunity by the United States. In her Memorandum of Law in Opposition to Defendant HUD Secretary's Motion to Dismiss, the Plaintiff offers the *Gautreaux* litigation (*Hills v. Gautreaux*, 425 U.S. 284 (1976), and *Gautreaux v. Romney*, 448 F.2d 731 (7th Cir. 1971)), and a provision of the Administrative Procedure Act (namely, 5 U.S.C. § 702) as grounds permitting this Court to exercise jurisdiction over her claims against this Defendant.

The United States, as sovereign, is immune from suit except as it consents to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. Consequently, if the United States has not waived sovereign immunity and consented to be sued, a court lacks jurisdiction to hear claims against it. *Id.*; *United States v. Mitchell*, 463 U.S. 206, 212 (1983). When Congress has provided a specific waiver of sovereign immunity, a court strictly construes the terms of the consent, and exceptions are not to be implied. *Soriano v. United States*, 352 U.S. 270, 276 (1957). As the Seventh Circuit has instructed, waivers of federal sovereign immunity are not to be lightly presumed. *United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010) (citing *McMahon v. United States*, 342 U.S. 25, 27 (1951)). "A party who sues the United States has the burden of pointing to a congressional act that gives consent." *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) (per curiam) (citing *Malone v. Bowdoin*, 369 U.S. 643 (1962)).

An exception to the doctrine of sovereign immunity allows suits—including

injunctions—against government officers who allegedly act beyond their legal authority or pursuant to an unconstitutional statute. *See Schneider v. Smith*, 390 U.S. 17 (1968). However, a court may not enjoin an officer who acts either within his statutory authority or in concert with the Constitution. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 695 (1949). In *Larson*, the Court highlighted the line between injunctions that prohibit illegal action and injunctions that require officials to act and observed that "a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Id.* at 691 n.11. In *Gautreaux v. Romney*, the Seventh Circuit relied upon *Dugan v. Rank*, 372 U.S. 609 (1963), a case in which the Supreme Court applied *Larson*, in stating that the doctrine of sovereign immunity "does not bar a suit such as this which is challenging alleged unconstitutional and unauthorized conduct by a federal officer." *Gautreaux*, 448 F.2d at 735. Congress amended the Administrative Procedure Act (APA) to allow suits for injunctive relief to be brought against the United States. Section 702 provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. Section 702 "waives the federal government's sovereign immunity from actions seeking judicial review of federal administrative decisions, provided the action is not one for 'money damages.'" *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1438 (7th Cir. 1996). "The

APA's waiver of sovereign immunity applies to any suit whether under the APA or not." *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996); *see also Blagojevich v. Gates*, 519 F.3d 370, 372 (7th Cir. 2008) (stating that "§ 702 does not say that it covers only claims reviewable through the APA. In *Bowen v. Massachusetts*, 487 U.S. 879 (1988), the Supreme Court treated § 702 as generally applicable.").

Plaintiff Fineran has not met her burden of showing waiver of sovereign immunity and her entitlement to proceed with her claims against Defendant HUD Secretary in this case. Although the Complaint seeks injunctive relief, it also seeks money damages on each of its counts, including Count 15 against the Defendant HUD Secretary. Consequently, considering the Complaint and the applicable standards, it is not clear that the injunctive relief sought in the Complaint falls within the exception discussed above, that any exception to sovereign immunity applies, and that the United States has waived its sovereign immunity in the case at bar. For these reasons, Defendant HUD Secretary's Motion to Dismiss will be granted.

**E.     Claims Against Defendant Mayor Luecke**

Plaintiff Fineran has named the Mayor of South Bend as a Defendant. She alleges that Defendant Mayor Luecke "is responsible for appointing or nominating for appointment all or some members of the HASB Board of Commissioners" (Compl. ¶ 8, DE 1) and "has failed to appoint members to the HASB Board of Commissioners in a manner consistent with his duty to appoint board members who act in compliance with law" (Compl. ¶ 37, DE 1). Defendant Mayor Luecke has moved to dismiss the claims asserted against him for failure to state a claim upon which relief can be granted because the Complaint is devoid of any allegations showing his

direct, personal responsibility for the conduct allegedly engaged in by Defendant HASB.

In Paragraph 37 of the Complaint, the Plaintiff alleges no clear theory of recovery. From the Plaintiff's Memorandum of Law in Opposition, it appears that the Plaintiff's theory is that the mayor is vicariously responsible for any wrongful conduct on the part of the HASB because of his appointment and removal authority under Indiana Code §§ 36-7-18-5 and 36-7-18-9. However, the Complaint does not reference these statutory provisions, and neither the Complaint nor the Plaintiff's Memorandum of Law in Opposition to Defendant Mayor Luecke's Motion references any private right of action to enforce the mayor's statutory duties and powers. Furthermore, there is no allegation that Defendant Mayor Luecke was involved in any of the alleged wrongful conduct or that he engaged in any intentional discriminatory conduct related to the Plaintiff.

The Plaintiff's claims against Defendant Mayor Luecke will be dismissed because they do not provide enough detail to give him fair notice of what the Plaintiff's claims against him are and the grounds upon which they rest, but also because the Plaintiff's allegations against him do not show that it is plausible, rather than merely speculative, that she is entitled to relief.

**F.     Claims Against the HASB**

The primary focus of the Complaint is the alleged conduct of the HASB, and the claims asserted are primarily predicated on Plaintiff Magee, who according to the Complaint was the tenant. The Complaint does not allege that Plaintiff Fineran was a tenant or a resident of the apartment. The HASB asks the Court to dismiss the claims asserted against it. Plaintiff Fineran has requested leave to amend the Complaint, but a proper motion has not been filed as the local

rules require.

On July 21, 2010, the Court dismissed all claims asserted by Plaintiff Magee pursuant to Federal Rule of Civil Procedure 25(a). As framed in the Complaint, the claims are asserted jointly by Plaintiffs Magee and Fineran, but the Complaint alleges only Plaintiff Magee was the tenant. It is unclear which claims Plaintiff Fineran intends to pursue now that Plaintiff Magee, the sole tenant, has been dismissed. The Court would have to speculate regarding which of the claims Plaintiff Fineran is pursuing against the HASB. For instance, Counts 10 and 12 of the Complaint allege that the lease contract is unconscionable and illegal and also that the HASB has breached contracts, but no contracts or lease agreements are attached to the Complaint, and only Plaintiff Magee is alleged to be a tenant. Thus, the Court will grant the HASB Defendants' Motion to Dismiss.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Mayor Luecke's Motion to Dismiss [DE 11], GRANTS HASB Defendants' Motion to Dismiss [DE 15], DENIES WITHOUT PREJUDICE HASB Defendants' Request for Judicial Notice [DE 32], and GRANTS Defendant HUD Secretary's Motion to Dismiss [DE 38]. Defendants Board of Commissioners of the HASB is DISMISSED WITH PREJUDICE. Otherwise, Plaintiff Fineran's claims are DISMISSED WITHOUT PREJUDICE to her ability to seek to amend her Complaint and make the necessary and appropriate allegations if she, consistent with Federal Rule of Civil Procedure 11, believes the facts support them. If Plaintiff Fineran wishes to seek leave to file an amended complaint, she must file the appropriate motion along with her proposed amended

complaint by August 12, 2010. If no such motion is filed by that date, the Court will enter final judgment dismissing Plaintiff Fineran's claims with prejudice.

SO ORDERED on July 28, 2010.

                                                    s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION