# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHNELLA FINERAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:09-CV-337-TLS |
| ) | |
| HOUSING AUTHORITY OF ) | |
| SOUTH BEND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On July 21, 2010, pursuant to Federal Rule of Civil Procedure 25(a)(1), this Court dismissed with prejudice the claims of Plaintiff Yvonne Magee because the Plaintiff had failed to substitute a party or seek additional time for substitution.[1] On July 28, the Court dismissed with prejudice Plaintiff Johnella Fineran's claims against Defendant Board of Commissioners of the HASB and dismissed without prejudice Plaintiff Fineran's other claim. The Opinion and Order provided the following clear directions:

> Plaintiff Fineran's claims are DISMISSED WITHOUT PREJUDICE to her ability to seek to amend her Complaint and make the necessary and appropriate allegations if she, consistent with Federal Rule of Civil Procedure 11, believes the facts support them. If Plaintiff Fineran wishes to seek leave to file an amended complaint, she must file the appropriate motion along with her proposed amended complaint by August 12, 2010. If no such motion is filed by that date, the Court will enter final judgment dismissing Plaintiff Fineran's claims with prejudice.

(July 28, 2010, Op. & Order 13–14, ECF No. 56.)

On August 10, Plaintiff Fineran, who is represented by counsel, filed a Response to Court's Order of July 28, 2010 [ECF No. 57]. Plaintiff Fineran's Response reflects a

---

[1] The Plaintiffs' deadline to file a motion for substitution passed on February 12, 2010, without the Plaintiffs filing a motion for substitution or seeking additional time. Plaintiff Magee is no longer a party to this action.

fundamental misunderstanding of this Court's July 28, 2010, Opinion and Order. She states that the Court directed her to show proof of the legal authority upon which she could stand as the successor party to her daughter and now-deceased co-Plaintiff Magee, and she attached a copy of a petition to appoint an administrator for the estate of Yvonne Magee. Before the August 12, 2010, deadline passed, Plaintiff Fineran filed no motion to amend her complaint and submitted no proposed amended complaint, and she did not request additional time to file such.

On September 14, Defendant Stephen J. Luecke filed a Motion for Dismissal with Prejudice on All Claims [ECF No. 59]. On September 15, Defendants Housing Authority of South Bend (HASB), Marva Leonard-Dent, Susie Harvey-Tate, Earl L. Hairston, Rafael Morton, Robert B. Toothaker, and Gladys Muhammad (HASB Defendants) filed a Motion to Dismiss Plaintiff Fineran's Claims with Prejudice [ECF No. 60]. The Defendants ask the Court to dismiss Plaintiff Fineran's claims with prejudice. They argue that the Plaintiff did not file a motion to amend or a proposed amended complaint by the deadline set by the Court and that the Plaintiff did not request an extension of time to file a motion to amend. On September 17, Plaintiff Fineran filed a Response in Opposition [ECF No. 61] to the HASB Defendants Motion and a Response in Opposition [ECF No. 62] to Defendant Luecke's Motion. In these Response, she discusses a petition to appoint an administrator for the estate of Yvonne Magee and states that she was focused on the probate matter rather than the Court's deadline, which the Plaintiff incorrectly states as August 28, 2010.

On September 21, Plaintiff Fineran filed a Motion to Reset Deadline for Filing First Amended Complaint [ECF No. 66] requesting that the Court allow Plaintiff Fineran up to and including September 27 to file a first amended complaint. On September 24, Defendant Luecke

filed an Objection [ECF No. 67] to the Plaintiff's Motion, highlighting that Plaintiff Fineran missed the deadline for filing a motion to amend her complaint, did not request additional time in a timely manner, has not shown good cause for a second chance, and has referenced no facts showing a good faith basis for proceeding against the Defendants.

On September 27, Plaintiff Fineran filed an Emergency Motion to Extend Time to File Motion for Leave to File First Amended Complaint [ECF No. 68], requesting up to and including September 28 in which to file a motion to amend complaint. On September 28, Defendant Shaun Donovan, the Secretary of Housing and Urban Development (HUD Secretary) filed an Objection [ECF No. 69], indicating that he joins the Objection of Defendant Luecke and that he opposes any extension of time because Plaintiff Fineran has failed to show good cause to reset the deadline. On September 28, the HASB Defendants filed a Brief in Opposition [ECF No. 70] to the Plaintiff's Motions in which the HASB Defendants restate the various reasons why the Plaintiff's Motions should be denied and why the Plaintiff's claims should be dismissed with prejudice.

On September 28, Plaintiff Fineran filed a Motion to File First Amended Complaint [ECF No. 71] and attached a proposed First Amended Complaint with Jury Demand [ECF No. 71-1]. The Motion states that the Court allowed Plaintiff Fineran up to and including August 28, 2010, to file a motion to amend and a proposed amended complaint.[2] The Motion expresses an assumption that the Court will recognize Plaintiff Fineran as a plaintiff in her own right and as a personal representative of her late daughter, Yvonne Magee. The Plaintiff also indicates that she intends to submit a motion asking the Court to reconsider errors and misunderstandings in its

---

[2] Again, this is not true—the deadline was August 12, 2010.

July 28, 2010, Opinion and Order.

In its July 28, 2010, Opinion and Order, the Court gave Plaintiff Fineran up to August 12, 2010, to file a motion to amend complaint and to make the necessary and appropriate allegations if she believed, consistent with Rule 11, the facts support them. The Court also directed her to file a proposed amended complaint with her motion and cautioned that the Court would enter final judgment dismissing Plaintiff Fineran's claims with prejudice if she failed to file the appropriate motion by the deadline. Plaintiff Fineran failed to file a motion to amend and a proposed amended complaint by the Court's deadline and failed to seek additional time until more than a month after the deadline had passed. The Plaintiff's Motion to Reset Deadline and Emergency Motion to Extend Time were filed well after the August 12, 2010, deadline passed, and they fail to provide an adequate excuse for the Plaintiff not taking the action directed by the Court before the deadline passed. As an excuse for her failing to file before the expiration of the deadline, Plaintiff Fineran points to her efforts to have an administrator appointed to represent the estate of Yvonne Magee. However, Plaintiff Magee's claims were dismissed with prejudice on July 21, 2010, and thus any issue regarding Plaintiff Magee's claims is irrelevant to any claims that Plaintiff Fineran may have. Other than preoccupation with the probate matter, Plaintiff Fineran does not point to any reason for failing to file her motion to amend and the proposed amended complaint or a motion for additional time before the deadline passed.[3] Accordingly, the Court will deny the Plaintiff's Motion to Reset Deadline and Emergency Motion to Extend Time. Because the Plaintiff filed her Motion to File First Amended Complaint

---

[3] In her Emergency Motion filed on September 27, Plaintiff Fineran points to a paralegal's illness as cause for a one-day delay in filing, but that reason does not explain why Plaintiff Fineran did not file a motion to amend and a proposed amended complaint on or before the August 12, 2010.

untimely and has provided no good excuse for doing so, the Court will strike this Motion as well and dismiss Plaintiff Fineran's claims with prejudice.[4]

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff Fineran's Motion to Reset Deadline for Filing First Amended Complaint [ECF No. 66] and Emergency Motion to Extend Time to File Motion for Leave to File First Amended Complaint [ECF No. 68], and the Court STRIKES Plaintiff Fineran's Motion to File First Amended Complaint [ECF No. 71]. The Court DISMISSES Plaintiff Fineran's claims WITH PREJUDICE. The Court DENIES as MOOT Defendant Mayor Luecke's Motion for Dismissal with Prejudice on All Claims [ECF No. 59] and the HASB Defendants' Motion to Dismiss Plaintiff Fineran's Claims with Prejudice [ECF No. 60].

SO ORDERED on October 6, 2010.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[4] None of Plaintiff Fineran's Motions seeks relief under Federal Rules of Civil Procedure 59(e) or 60(b) or presents argument on any of the grounds relevant to those rules.